**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| BRUCE E. FLEMING,<br>　　　　　Appellant, | DOCKET NUMBER<br>PH-1221-15-0056-W-1 |
| 　　　　v. | |
| DEPARTMENT OF THE NAVY,<br>　　　　　Agency. | DATE: June 30, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jason H. Ehrenberg, Esquire, Washington, D.C., for the appellant.

Terrence P. Cook, Esquire, Annapolis, Maryland, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We AFFIRM the initial decision except to MODIFY it to also dismiss for lack of jurisdiction the appellant's appeal of the agency's denial of his pay increase.

¶2      The appellant is a Professor at the U.S. Naval Academy. In August 2013, there was a discussion in two of his classes regarding the agency's recently-adopted Sexual Assault Prevention Response (SAPR) program with which the appellant had some issues. A female midshipman in each class disagreed with the appellant as to certain matters, prompting him to send both students emails explaining his position and addressing the classroom discussions that had occurred. Initial Appeal File (IAF), Tab 4, Subtab 4e at 42-44, 57-62. He also sent an email to all of the students in those two classes referencing his issues with the SAPR program and his email discussion with one of the students. *Id.* at 48-49. When the female midshipmen complained about the appellant's actions, they withdrew from his classes and the Academy's Academic Dean became involved. The Department Chair directed an Ad Hoc Committee to investigate the issues raised by the two midshipmen but the Committee found that the appellant had not acted inappropriately or committed any misconduct. *Id.* at 81-84. The appellant then advised all of his students of the results of the investigation and discussed various options to pursue against the midshipmen for

accusing him. He also filed an Office of Special Counsel (OSC) complaint,[2] and lodged a formal conduct charge against the two midshipmen for disrespect or insubordination to a superior or authority figure and failure to use good judgment. *Id.* at 162-65. In turn, the two midshipmen complained about the appellant. *Id.* at 145-60.

¶3        The Division Director appointed a group to conduct a Command Investigation (CI) into all of these allegations. The ensuing report recommended reviewing the appellant's conduct by the Academy's Equal Employment Opportunity Office to determine if he had retaliated against one of the students and, if he had not, initiating formal counseling, *id.*, Subtab 4e, and the report was endorsed by the appellant's department, *id.*, Subtab 4c. The Director issued him a Letter of Reprimand for his "inappropriate conduct towards two student midshipmen."[3] *Id.*, Subtab 4b.

¶4        The appellant filed another OSC complaint in which he argued that, as a civilian employee, he was not subject to a CI, and that, therefore, the agency's actions of conducting the CI which led to the issuance of the Letter of Reprimand constituted harassment in retaliation for his disclosing what he perceived as flaws in the SAPR. IAF, Tab 1 at 13-24. In a subsequent submission to OSC, the appellant also referred to "an almost certain loss of a 'merit' pay step." *Id.*, Tab 10 at 22. When OSC issued its closure letter, *id.*, Tab 1 at 25-26, the appellant filed a Board appeal, and he requested a hearing, *id.* at 2. In response, the agency

---

[2] In that complaint, the appellant argued that the agency retaliated against him by barring him from his classroom for 1 day while it conducted the investigation. After OSC closed its investigation, the appellant filed an IRA appeal, which the administrative judge dismissed for lack of jurisdiction, finding that there was no covered personnel action. *Fleming v. Department of the Navy*, MSPB Docket No. PH-1221-14-0529-W-1, Initial Decision at 2-6 (May 20, 2014). That decision became the Board's final decision on June 24, 2014, when neither party filed a petition for review.

[3] The agency subsequently denied the internal grievance that the appellant filed challenging the Letter of Reprimand. IAF, Tab 4, Subtab 4a.

moved that the appeal be dismissed for lack of jurisdiction both as to the Letter of Reprimand and to the denial of the appellant's pay increase which, it argued, was warranted because of his classroom behavior. *Id.*, Tab 4, Subtab 1. The administrative judge issued an order setting out for the appellant how, in the context of an IRA appeal, he might prove his claim of retaliation for whistleblowing. *Id.*, Tab 5.

¶5      In response, the appellant argued that the agency committed harmful procedural error by improperly conducting the CI, which led to the issuance of the Letter of Reprimand and denial of his pay increase. *Id.*, Tabs 8-9. He also claimed that, in taking these actions, the agency committed prohibited personnel practices, specifically, a violation of 5 U.S.C. §§ 2302(b)(8). He described as protected disclosures his having raised to specific management officials a violation of law, rule, or regulation, gross mismanagement, and abuse of authority regarding his concerns about the agency's implementation of the SAPR program and the related training. As personnel actions, he listed the Letter of Reprimand and the denial of his pay increase. IAF, Tabs 8-9. In its response to the administrative judge's order, the agency argued that the appellant had failed to establish the Board's jurisdiction over the matters raised. *Id.*, Tab 11.

¶6      In an initial decision based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction. *Id.*, Tab 12, Initial Decision (ID) at 1, 14. He first found that he lacked authority, in the context of this IRA appeal, to consider the appellant's claim that, because he is a civilian employee, the agency's undertaking the CI constituted harmful error. ID at 8; *see McCarthy v. International Boundary and Water Commission*, 116 M.S.P.R. 594, ¶ 27 (2011), *aff'd*, 497 F. App'x 4 (Fed. Cir. 2012). The administrative judge then found that the appellant failed to nonfrivolously allege that he reasonably believed that the agency's SAPR program violated any law, rule, or regulation, or that it, or the training connected to it, constituted gross mismanagement or an abuse of authority. ID at 9-12. Finally, the administrative judge considered the

appellant's claim that the agency issued him the Letter of Reprimand and denied his pay increase in retaliation for a prior OSC complaint. The administrative judge found that the appellant apparently filed an OSC complaint 5 years ago and another complaint, as noted, regarding his claim that he was "barred" from the classroom for 1 day during the agency investigation. *See supra* n.2. The administrative judge found, however, that the appellant did not raise this asserted retaliation in the OSC complaint that formed the basis for this appeal, and that he therefore had failed to exhaust his remedy as to such claim. ID at 12-13.

¶7 The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, *id.*, Tab 2.

¶8 On review, the appellant repeatedly and emphatically asserts that "this is not an IRA appeal . . . ." *Id.*, Tab 1 at 7-9, 12-14. However, he also argues that the administrative judge failed to properly advise him of what he needed to allege in order to establish Board jurisdiction under 5 U.S.C. §§ 1221(b), 2302(b)(8). PFR File, Tab 1 at 10-12. Although we credit the appellant's disavowal of his case as an IRA appeal, we nonetheless review this secondary claim out of an abundance of caution.

¶9 Regarding IRA jurisdiction, the appellant relies on the Board's decision in *Laity v. Department of Veterans Affairs*, 54 M.S.P.R. 51 (1992). In that case, the appellant alleged that the agency issued him a written reprimand in retaliation for his whistleblowing activities. The administrative judge dismissed the IRA appeal for lack of jurisdiction. The Board remanded the appeal, finding that the administrative judge failed to apprise the appellant that, in order to establish Board jurisdiction, he was required to show that he made disclosures[4] concerning "a violation of any law, rule, or regulation, or . . . gross mismanagement, a gross

---

[4] Subsequent to *Laity*, the Board determined that an employee need only make nonfrivolous allegations to establish Board jurisdiction in an IRA appeal. *Rusin v. Department of the Treasury*, 92 M.S.P.R. 298, ¶ 12 (2002). That distinction, however, is of no import for purposes of this discussion.

waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety" under 5 U.S.C. § 2302(b)(8). *Laity*, 54 M.S.P.R. at 54.

¶10      The appellant's reliance on *Laity* is misplaced. There, the administrative judge's order only advised the appellant that, if there were a question as to whether his appeal was within the Board's jurisdiction, he had the opportunity to submit evidence to establish jurisdiction. The Board there found that notice insufficient. *Id.* In contrast, in this case, the administrative judge issued an order which clearly and thoroughly explained to the appellant how he could establish the Board's jurisdiction over his IRA appeal, including, for each category, what constitutes a protected disclosure. IAF, Tab 5. The administrative judge found, however, that the appellant failed to nonfrivolously allege that his disclosures about the SAPR program and its related training evidenced a violation of law, rule, or regulation, gross mismanagement, or an abuse of authority, but that instead they were expressions of his disagreement with the program itself and with the breadth of certain definitions employed by the program. ID at 9-12. Notwithstanding the appellant's arguments on review, and to the extent he has not abandoned the IRA portion of his appeal, we discern no reason to disturb the administrative judge's findings. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997).

¶11      The appellant's main argument on review is that the Board has jurisdiction over his appeal under 5 U.S.C. § 5335 as an otherwise appealable action, specifically, a denial of his within-grade increase (WIGI), and that, based on that jurisdiction, the Board can consider his claim of harmful error regarding the agency's initiation of the CI. PFR File, Tab 1 at 6-10. Although the appellant claimed below that the agency denied his pay increase in retaliation for his whistleblowing, the administrative judge did not address the issue, other than to note in the initial decision that, while the appellant provided no documentation showing that he was formally denied a pay increase, the agency conceded that it was so. ID at 2 n.1; IAF, Tab 4, Subtab 1. Although the administrative judge

failed to inform the appellant of the Board's jurisdictional requirements for an appeal of a denial of a WIGI, the agency indicated in its motion to dismiss that the pay increase in question was not an appealable WIGI because professors at the Naval Academy are not General Schedule (GS) employees but rather Administratively Determined (AD) employees who are not eligible for WIGs, and that a denial of the pay increase at issue, based on merit, is not appealable to the Board. IAF, Tab 4, Subtab 1. Therefore the administrative judge's failure is not prejudicial. *See Elliott v. Department of the Air Force*, 102 M.S.P.R. 364, ¶ 5 (2006).

¶12 Chapter 53 of the U.S. Code, Pay Rates and Systems, addresses federal pay fixing for GS employees and includes a provision for periodic step increases for such employees. 5 U.S.C. § 5335. It applies only to those who are covered by section 5102, which specifically excludes civilian professors, lecturers, and instructors at the Naval Academy. 5 U.S.C. § 5102(c)(10). Moreover, such employees are not GS employees; rather, their pay is prescribed by the Secretary of the Navy. 10 U.S.C. § 6952(b). Pursuant to the Office of Personnel Management's authority to promulgate regulations necessary for the administration of GS pay rates, including WIGIs, 5 C.F.R. § 531.401(c), employees entitled to WIGIs must be classified under the GS, 5 C.F.R. § 531.402(a)(2), and may appeal to the Board if their agency determines that their performance is not at an acceptable level of competence and that determination is upheld on reconsideration, 5 C.F.R. § 531.410(a), (d).

¶13 Because: (1) the denial of a WIGI is only appealable when the affected employee is under the GS; (2) the appellant has not shown that he is under the GS; and (3) he also has not shown that the denial of a merit increase of the type here at issue is, in fact, appealable to the Board, we modify the initial decision to also dismiss for lack of jurisdiction that part of his challenge in which he purports

to appeal the denial of his pay increase.[5]  In the absence of Board jurisdiction, we find that no basis exists upon which to consider the appellant's claim of harmful error regarding the agency's initiation of the CI.  *See, e.g.*, *Rhone v. Department of the Treasury*, 66 M.S.P.R. 257, 260 (1995).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request

---

[5] In reaching this conclusion, we have not considered documents that the agency has submitted with its response to the appellant's petition for review.  PFR File, Tab 2 at 14-22.  Although these documents are material, they are not new.  *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).

review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____

                                     William D. Spencer
                                     Clerk of the Board

Washington, D.C.